**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**　　　**NOT FOR PUBLICATION**

————————————————————————

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| TALT f/k/a TOWER AUTOMOTIVE, INC.*, et al.* | ) | Case Nos. 05-10578 (ALG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| DEBRA THURMAN ATLAS, | ) | Adv. Pro. No. 10-02902 (ALG) |
| INDIVIDUALLY AND AS | ) | |
| ADMINISTRATRIX OF THE ESTATE OF | ) | |
| WILLIAM ATLAS, DECEASED, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CHRYSLER, LLC, TA DELAWARE, INC., | ) | |
| TOWER AUTOMOTIVE, LLC AND | ) | |
| A.O. SMITH CORPORATION, | ) | |
| Defendants. | ) | |
| | ) | |

————————————————————————

## ORDER

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

The Court was recently informed that the third-party plaintiff in the above-captioned matter ("A.O. Smith") had docketed a pleading, dated July 21, 2010, captioned "Motion to Transfer or Reassign." The Plaintiff docketed an objection on July 29, 2010. Since no party put the matter on the Court's calendar for a hearing, the Court was unaware of the motion until a recent telephone call.

In any event, the motion is without merit. This is a Mississippi case involving a fatal automobile accident that occurred in Mississippi in 2006. The vehicle was a 1994 Dodge, and the Plaintiff initially named Chrysler LLC ("Chrysler"), A.O. Smith, as alleged manufacturer of the vehicle's frame, and two other parties in Chapter 11 proceedings before this Court (the

"Tower Defendants") as defendants. A.O. Smith filed third-party claims against Chrysler and the Tower Defendants or their affiliates and removed the entire action to the federal court on the basis of bankruptcy removal jurisdiction. 28 U.S.C. § 1452(a). The Mississippi District Court referred the matter to New York, and Judge McMahon of the U.S. District Court in a written order, after a contested hearing, referred the matter to this Court. Judge McMahon did not accept the position of the Plaintiff that the case should be returned to Mississippi immediately, but she did state, "In the event that proceedings in the Bankruptcy Court or in this Court dispose of the action as against all except A.O. Smith, the Court will entertain (and grant) a motion to send the case back to Mississippi." *Atlas v. Chrysler, LLC, et al.*, Civil Action No. 10-00033 (S.D.N.Y. March 12, 2010).

On April 29 and May 5, 2010, Plaintiff filed notices discontinuing with prejudice her action against all defendants other than A.O. Smith. By decision and order, dated July 13, 2010, this Court granted the motion of the Tower Defendants to dismiss A.O. Smith's third-party complaint as against them. It also denied A.O. Smith's motion to file a late proof of claim in the Tower Defendants' Chapter 11 cases. Chrysler LLC remained a third-party defendant, but A.O. Smith's third-party complaint remained stayed as a result of the Chrysler Chapter 11 proceedings. The Court assumed the matter would be brought back to Judge McMahon for a determination whether the case was in fact disposed of "as against all except A.O. Smith," and should be remanded to Mississippi.

Instead of the matter returning to Judge McMahon, A.O. Smith filed the instant motion to have the case "transferred" or "reassigned" to the Judge handing the Chrysler bankruptcy case. The motion is without merit. If A.O. Smith wants to proceed against Chrysler as a third-party defendant on an indemnity or contribution theory, it can move for relief from any stay that

remains in effect in that case post-confirmation.  The Chrysler Court could then decide whether there is any basis to grant such a motion, considering, among other things, the distribution (or lack of it) under Chrysler's confirmed plan, as well as the effect of § 502(e)(1)(B) of the Bankruptcy Code, which disallows certain post-confirmation contribution claims.  In the meantime, A.O. Smith is protected because it has a filed proof of claim in the Chrysler case (for whatever it may be worth).  In any event, the possibility that A.O. Smith might file one or more motions in the Chrysler case does not require this case remain in the bankruptcy court, and remand will not prevent A.O. Smith from seeking appropriate relief in the Chrysler bankruptcy proceedings, if so advised.

If Judge McMahon had not already expressed an opinion on the issue of remand, this Court would have entertained an immediate motion to remand.  To reduce the possibility of further delay and the concomitant risk of undue prejudice to the Plaintiff, Judge McMahon should be allowed to determine whether the case should be remanded to Mississippi.

The motion to refer or reassigned is denied, and the matter is respectfully referred to Judge McMahon for further proceedings.  IT IS SO ORDERED.

Dated: March 1, 2011                      */s/ Allan L. Gropper*
                                          **UNITED STATES BANKRUPTCY JUDGE**